UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

T.J.                                                           Court File No. 04CV2847ADM/RLE

                    Plaintiff,

vs.                                                            **DEFENDANTS KIDSPEACE MESABI
                                                               ACADEMY, INC.'S AND KIDSPEACE
Mesabi Academy of KidsPeace, Inc.,                            CORPORATION'S ANSWER**
KidsPeace Corporation, and Michael Muehlberg,

                    Defendants.


_____

TO:     Plaintiff, T.J., and her attorneys, Edward J. Matonich and Julie A. Matonich, Matonich &
        Persson, 2031 Second Avenue East, P.O. Box 127, Hibbing, Minnesota  55746

        Defendant Michael Muehlberg and his attorneys, Elizabeth A. Storaasli and Mark L.
        Knutson, Agnew Dryer Storaasli Knutson & Pommerville, Ltd., 202 West Superior
        Street, #200, Duluth, MN  55802-1960

        Defendants, KidsPeace Mesabi Academy, Inc. and KidsPeace Corporation, for their

Answer to Plaintiff's Complaint, state and allege as follows:

        1.      Deny each and every allegation, matter, statement and thing in Plaintiff's

Complaint, and each and every portion thereof, except as hereinafter specifically admitted or

qualified.

        2.      Admit, upon information and belief, the allegation in paragraph 1 of the

Complaint.

        3.      With respect to paragraph 2 of the Complaint, admit that KidsPeace Mesabi

Academy, Inc. ("Mesabi Academy"), f/k/a Mesabi Academy of KidsPeace, Inc., is a

Pennsylvania not-for-profit member corporation; that Mesabi Academy's principal place of

business is located in Buhl, St. Louis County, Minnesota; and that Mesabi Academy operates the

Mesabi Academy facility in Buhl, Minnesota.  Mesabi Academy and KidsPeace Corporation deny the remaining allegations in paragraph 2 of the Complaint.

4.     With respect to paragraph 3 of the Complaint, admit that KidsPeace Corporation ("KidsPeace") is a Pennsylvania not-for-profit corporation; that KidsPeace is the sole member of Mesabi Academy; and that KidsPeace provides limited direct supervision and limited training support to Mesabi Academy.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 3 of the Complaint.

5.     Admit the allegations in paragraph 4 of the Complaint.

6.     With respect to paragraph 5 of the Complaint, admit, upon information and belief, that Plaintiff has an Associate of Arts degree and a paralegal degree; admit that Plaintiff is qualified to perform the duties of a Youth Care Worker at Mesabi Academy; and admit that Mesabi Academy hired Plaintiff as a Youth Care Worker on April 2, 2002.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 5 of the Complaint, including the allegation that Plaintiff's employment ended on June 28, 2003.

7.     With respect to paragraph 6 of the Complaint, admit that Mesabi Academy assigned Plaintiff to work as a Youth Care Worker on the Discovery Unit, which houses exclusively residents who are receiving sex-offender treatment; that all youth on the Discovery Unit have been convicted of sex offenses; that, as a Youth Care Worker, Plaintiff is responsible for assisting youth with everyday activities at the facility and is responsible for some counseling; that Plaintiff received specialized training that earned her a certificate and enabled her to run a treatment group called "Thinking for a Change;" and that Plaintiff began running a "Thinking for a Change" group.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 6 of the Complaint.

8.     With respect to paragraph 7 of the Complaint, admit that Plaintiff's starting hourly wage at Mesabi Academy was $10.57 per hour.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 7 of the Complaint.

9.     Admit the allegation in paragraph 8 of the Complaint.

10.     With respect to paragraph 10 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that a resident at Mesabi Academy physically and sexually assaulted Plaintiff on June 28, 2003, and, therefore, deny that allegation.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 10 of the Complaint.

11.     With respect to paragraph 11 of the Complaint, admit that Plaintiff filed a discrimination charge with the federal Equal Employment Opportunity Commission and Minnesota Department of Human Rights on November 19, 2003.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 11 of the Complaint.

12.     With respect to paragraph 12 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that, in April, 2002, within the first week of Plaintiff's employment, other Mesabi Academy staff left Plaintiff alone with residents on a sex offender unit, and, therefore, deny that allegation.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 12 of the Complaint.

13.     With respect to paragraph 14 of the Complaint, admit that Plaintiff reported to her supervisor, Paul Jacobson, that a resident had stated to Plaintiff that he (the resident) was going to kill her (Plaintiff) and there was nothing she could do about it, or something along the lines of that statement.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 14 of the Complaint.

14.     With respect to paragraph 15 of the Complaint, admit that some youth who have at some time been residents of Mesabi Academy have been investigated for murder.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 15 of the Complaint.

15.     With respect to paragraph 16 of the Complaint, admit that six-hour confinements were and are, under some circumstances, an authorized method of discipline for residents at Mesabi Academy; that male and female employees sometimes impose six-hour confinements to discipline residents; and that Jacobson has not reprimanded staff for imposing six-hour confinements.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 16 of the Complaint.

16.     With respect to paragraph 18 of the Complaint, admit that in approximately February, 2003, Jacobson told Plaintiff that she would be ordinarily scheduled to work 3-11 p.m. on Saturdays and Sundays beginning in March, 2003; that Plaintiff asked Jacobson why her ordinarily scheduled weekend shifts would change; that Plaintiff sent an email to Program Manager, Lance Edminster, concerning this topic; that Edminster sent an email to Plaintiff suggesting a meeting with Edminster and Jacobson; that from March – May, 2003, Plaintiff was ordinarily scheduled to work 3-11 p.m. on Saturdays and Sundays; and that Jacobson discussed these scheduling matters with Plaintiff after Jacobson learned that Plaintiff had complained to Edminster.  Mesabi Academy and KidsPeace state that the February 20, 2003, email speaks for itself, and deny the remaining allegations in paragraph 18 of the Complaint.

17.     With respect to paragraph 21 of the Complaint, expressly deny that Muehlberg manufactured a certificate; and state that they are without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint, and, therefore, deny those allegations.

18.     With respect to paragraph 22 of the Complaint, admit that Plaintiff complained to Jacobson about some computer activity in which Muehlberg had engaged; and that Plaintiff's co-worker, Pat Lenzen, had reported to Jacobson that Muehlberg had engaged in some computer activity related to Plaintiff.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 22 of the Complaint.

19.     With respect to paragraph 23 of the Complaint, admit that in or about September, 2002, at a weekly team meeting, Jacobson asked Muehlberg about computer activity, related to Plaintiff, in which Muehlberg had allegedly engaged; that Muehlberg admitted he had made a statement on a computer screen about Plaintiff; that Muehlberg said he had made the computer statement as a joke; that Muehlberg said Plaintiff's clothes were inappropriate; and that Jacobson ended the meeting without reprimanding or disciplining Muehlberg.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 23 of the Complaint.

20.     With respect to paragraph 26 of the Complaint, admit that at a team meeting in or about September, 2002, Christos Petsoulis asked Muehlberg at what point he would stop; and that Jacobson did not reprimand or discipline Muehlberg related to an anonymous letter that had been written about Plaintiff.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 26 of the Complaint.

21.     With respect to paragraph 27 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation regarding what Sue Warren told Plaintiff, and, therefore, deny that allegation.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 27 of the Complaint.

22.     With respect to paragraph 29 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegations regarding what a

resident identified as M.B. told Plaintiff, and, therefore, deny those and all allegations in paragraph 29 of the Complaint.

23.    With respect to paragraph 30, state that they are without sufficient information to form a belief as to the truth or falsity of the allegations regarding discussions between a resident identified as C.S. and Mesabi Academy employee Billie Joe Miller, and discussions between Miller and Plaintiff, and, therefore, deny those allegations.

24.    With respect to paragraph 31, admit that, in March, 2003, Plaintiff was alone inside a locked women's restroom when a Mesabi Academy employee unlocked the restroom door to allow C.S. into the restroom.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 31 of the Complaint.

25.    With respect to paragraph 32 of the Complaint, admit that Plaintiff complained to Jacobson about the incident referenced in the preceding paragraph of this Answer; and that Plaintiff sent an email complaint to Mesabi Academy supervisors, including the Program Manager who supervised the sex offender units.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 32 of the Complaint.

26.    With respect to paragraph 33 of the Complaint, admit that John "Butch" Gustafson began work at Mesabi Academy in June, 2002.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 33 of the Complaint.

27.    With respect to paragraph 35 of the Complaint, admit that Gustafson was suspended due to a criminal investigation unrelated to Mesabi Academy.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 35 of the Complaint.

28.    With respect to paragraph 38 of the Complaint, admit that one resident, N.S., masturbated within the view of Plaintiff and other employees on several occasions; that N.S.

touched Plaintiff's hair, brushed up against her, and tried to put his hand on her leg; and that, when doing room inspections, Plaintiff found sexually explicit fantasies N.S. had written about her and other women.   Mesabi Academy and KidsPeace state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that Plaintiff found several fantasies written by N.S. in which he stated he was going to murder Plaintiff and chop her up, and, therefore, deny this allegation.   Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 38 of the Complaint.

29.   With respect to paragraph 39 of the Complaint, admit that Plaintiff reported to Jacobson and others regarding N.S.'s sexual behavior, and turned over some of N.S.'s writings to Jacobson and/or others.   Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 39 of the Complaint.

30.   With respect to paragraph 40 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that, early in June of 2003, an unidentified male called Plaintiff at work and made explicit comments about what he would do to her sexually, and, therefore, deny this allegation.   Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 40 of the Complaint.

31.   With respect to paragraph 42 of the Complaint, admit that, on June 28, 2003, while Plaintiff was working on a shift with Muehlberg and Deanna Maki, a resident identified as D.C. asked Maki, and then asked Plaintiff, to go upstairs with him to the Personals area away from the Discovery unit; that Plaintiff agreed to escort D.C. to a locker in the Personals area at approximately 2:45 p.m.; and that Plaintiff told Maki she was taking D.C. to the Personals area. Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 42 of the Complaint.

32.     With respect to paragraph 43 of the Complaint, admit that Plaintiff escorted D.C. to the Personals area; that the Personals area has no surveillance cameras; and that Plaintiff returned to the Discovery unit at approximately 2:55 p.m.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 43 of the Complaint.

33.     With respect to paragraph 44 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that D.C. strangled and raped Plaintiff, and, therefore, deny those allegations.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 44 of the Complaint.

34.     With respect to paragraph 46 of the Complaint, state that they are without sufficient information to form a belief as to the truth or falsity of the allegation that D.C. physically and sexually assaulted Plaintiff, and, therefore, deny those allegations.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 46 of the Complaint.

35.     With respect to paragraph 50, admit, upon information and belief, that, by a letter dated March 19, 2004, the Equal Employment Opportunity Commission notified Plaintiff of her right to sue.  Mesabi Academy and KidsPeace deny the remaining allegations in paragraph 50 that require an admission or denial.

36.     Assert the following affirmative defenses:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

37.     Plaintiff has failed to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

38.     Defendants' conduct toward Plaintiff was not negligent or unlawful on any basis.

## THIRD AFFIRMATIVE DEFENSE

39.     Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own actions or inaction, and not by any actions or inaction by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

40.     Plaintiff's contributory negligence and assumption of risk preclude her from establishing liability on her negligence claim.

## FIFTH AFFIRMATIVE DEFENSE

41.     Plaintiff's claims may be barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

42.     To the extent Plaintiff is claiming negligent training, such claim is not recognized under Minnesota law.

## SEVENTH AFFIRMATIVE DEFENSE

43.     Plaintiff has failed to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

44.     Any injury, harm, or damages suffered by Plaintiff related to the alleged physical and sexual assault by D.C. were caused or contributed to by the actions of D.C., and not by any actions or inaction by Defendants.

## NINTH AFFIRMATIVE DEFENSE

45.     Plaintiff's exclusive remedy for injuries, if any, arising from the alleged physical and sexual assault by D.C. is the Minnesota Worker's Compensation Act and, therefore, Plaintiff is precluded from asserting a negligence claim related to the reported physical and sexual assault.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

46.     As a separate and alternative defense to Plaintiff's Complaint, Defendants allege that the claims in the Complaint may be barred by any or all of the remaining affirmative defenses contemplated by Rule 8(c) of the Minnesota Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendants have the opportunity to complete discovery.  Defendants, therefore, incorporate all such affirmative defenses as fully set forth therein.

**WHEREFORE**, Defendants Mesabi Academy and KidsPeace request that the Court enter judgment dismissing Plaintiff's claims with prejudice on the merits, and awarding Defendants their attorney's fees, costs, and disbursements, and other relief as is just and equitable.

Dated:  _June 23_____, 2004                    BRIGGS AND MORGAN, P.A.


By:  __s/Lee M. Friedman_____
     Daniel R. Wachtler (#113360)
     Lee M. Friedman (#276686)
2200 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 808-6600

**ATTORNEYS FOR DEFENDANTS
KIDSPEACE MESABI ACADEMY,
INC., AND KIDSPEACE
CORPORATION**