UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

T.J.

Plaintiff,

vs.

Mesabi Academy of KidsPeace, Inc.,
KidsPeace Corporation, and Michael Muehlberg,

Defendants.

Court File No. 04CV 2847 ADM/RLE

**ANSWER OF DEFENDANT**
**MICHAEL MUEHLBERG**

---

TO: Plaintiff, T.J., and her attorneys, Edward J. Matonich and Julie A. Matonich, Matonich & Persson, 2031 Second Avenue East, P.O. Box 127, Hibbing, Minnesota 55746

Defendant Mesabi Academy and KidsPeace Corporation, and their attorneys Daniel L. Wachtler and Lee M. Friedman, Briggs & Morgan, P.A., 2200 First National Bank Building, 332 Minnesota Street, St. Paul, MN 55101

Defendant, Michael Muehlberg, for his Answer to Plaintiffs' Complaint, states and alleges as follows:

1. Denies each and every allegation, matter, statement and thing in Plaintiff's Complaint, and each and every portion thereof, except as hereinafter specifically admitted or qualified.

2. Admits the allegation in paragraph 4 of the Complaint.

3. With respect to the following paragraphs of the Complaint, alleges that this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraphs and, therefore, denies them:

   Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 17, 18, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 46, 47, 48, 49, 50, 52, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65.

SCANNED
JUN 2 3 2004
U.S. DISTRICT COURT DULUTH

4. With respect to paragraph 10 of the Complaint, specifically denies that answering Defendant Muehlberg engaged in a pattern of unlawful conduct toward plaintiff.

5. With respect to paragraph 15 of the Complaint, alleges that this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except he specifically denies, on information and belief, that a standard raise and promotion were routinely given to employees after six months of employment.

6. With respect to paragraph 19 of the Complaint, specifically denies that Defendant Muehlberg expressed an interest in Plaintiff, that he invited Plaintiff to go swimming alone with him, or that Plaintiff ever discussed with Defendant Muehlberg her lack of interest in him; specifically denies that he "turned against" Plaintiff and began to retaliate against her, and denies the remaining allegations in paragraph 19 of the Complaint.

7. With respect to paragraphs 20 and 21 of the Complaint, denies that this answering Defendant manufactured or designed any certificate, or showed any alleged certificate to other employees or inmates.

8. With respect to paragraph 22 of the Complaint, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations therein, and thus denies them, except this answering Defendant specifically denies creating or designing any alleged certificate.

9. With respect to paragraph 23 of the Complaint, this answering Defendant admits that in or about September, 2002, at a weekly team meeting, Jacobson asked Defendant Muehlberg about computer activity related to Plaintiff in which Defendant Muehlberg had allegedly engaged; that Defendant Muehlberg responded that he had written a statement on a computer screen related to

Plaintiff; that Defendant Muehlberg said the computer statement was intended as a joke; that Defendant Muehlberg stated he believed Plaintiff's clothing to be at times inappropriate to the workplace setting, and that Jacobson ended the meeting without reprimanding or disciplining Defendant Muehlberg. Defendant Muehlberg denies the remaining allegations in paragraph 23 of the Complaint.

10. With respect to paragraph 24 of the Complaint, this answering Defendant specifically denies contacting Misty Thronson with reference to Plaintiff, and denies the remaining allegations in paragraph 24 of the Complaint..

11. With respect to paragraph 25 of the Complaint, this answering Defendant specifically denies writing any "anonymous" letter to Jacobson, and denies the remaining allegations in paragraph 25 of the Complaint.

12. With respect to paragraph 26 of the Complaint, this answering Defendant admits that at a weekly team meeting in September of 2002, Jacobson raised the issue of an alleged "anonymous" letter, admits Petsoulis questioned Defendant Muehlberg relative to the Plaintiff's allegations, admits that Jacobson did not reprimand or discipline Muehlberg, and denies the remaining allegations in paragraph 26 of the Complaint.

13. With respect to paragraph 27 of the Complaint, this answering Defendant states that he is without sufficient information to form a belief as to the truth or falsity of the allegation regarding what Sue Warren told Plaintiff and, therefore, denies that allegation and the remaining allegations in paragraph 27 of the Complaint.

14. With respect to paragraph 28 of the Complaint specifically denies the statements alleged by Plaintiff therein.

15. With respect to paragraph 29 of the Complaint, states that he is without sufficient information to form a belief as to the truth or falsity of the allegations regarding discussions between inmate M.B. and Plaintiff, and therefore denies those allegations.

16. With respect to paragraph 42 of the Complaint, admits that, on information and belief, Plaintiff agreed to escort inmate D.C. to a locker in the personals area at approximately 2:45 p.m. This answering Defendant denies there was a routine headcount at 2:45 p.m. This answering Defendant specifically denies that Plaintiff told Defendant Muehlberg that she was taking inmate D.C. to a locker and that she would be back in a minute, and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph and thus denies those allegations.

17. With respect to paragraph 43 of the Complaint, this answering Defendant admits that, on information an belief, Plaintiff escorted inmate D.C. to the personals area; that the personals area has no surveillance camera; and that Plaintiff returned to the discovery unit at approximately 2:55 p.m. Defendant Muehlberg denies the remaining allegations in paragraph 43 of the Complaint.

18. With respect to paragraph 44 of the Complaint, states that he is without sufficient information to form a belief as to the truth or falsity of the allegation that inmate D.C. strangled and raped Plaintiff, and therefore denies those allegations. Defendant Muehlberg denies the remaining allegations.

19. With respect to paragraph 45 of the Complaint, specifically denies said allegations.

20. With respect to paragraph 50 of the Complaint, specifically denies that Plaintiff obtained a right to sue letter directed to Defendant Muehlberg pursuant to **42 U.S.C.S. §2000E-2(a)**.

21. With respect to paragraphs 51, 53, 54, and 56 of the Complaint, specifically denies the allegations with respect to Defendant Muehlberg.

22. Asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Defendant Muehlberg's conduct toward Plaintiff was not negligent or unlawful on any basis, and was at all times within the course and scope of his employment.

### THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own actions or inactions, and not by any actions or inaction by Defendant Muehlberg.

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's contributory negligence and assumption of risk preclude her from establishing liability on her negligence claim.

### FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims may be barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

28. To the extent Plaintiff is claiming negligent training, such claim is not recognized under Minnesota Law.

### SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to mitigate her damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

30. Any injury, harm or damages suffered by Plaintiff related to the alleged physical and sexual assault by inmate D.C. were caused or contributed to by the actions of inmate D.C., and not by any action or inaction of Defendant Muehlberg.

### NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's exclusive remedy for injuries, if any, arising from the alleged physical and sexual assault by inmate D.C., is the Minnesota Workers Compensation Act and, therefore, plaintiff is precluded from asserting a negligence claim related to the reported physical and sexual assault.

### TENTH AFFIRMATIVE DEFENSE

32. As to Count I and Count II of the Complaint, Defendant affirmatively alleges that Plaintiff has failed to exhaust her administrative remedies and has failed to obtain a right to sue Defendant Muehlberg.

### ELEVENTH AFFIRMATIVE DEFENSE

33. As to Count IV and Count V of the Complaint, Defendant as a co-employee owes no legal duty of care to Plaintiff which was breached.

### TWELFTH AFFIRMATIVE DEFENSE

34. As a separate and alternative defense to Plaintiff's Complaint, Defendant alleges that the claims in the Complaint may be barred by any or all of the remaining affirmative defenses contemplated by Rule 8(c) of the Minnesota Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendants have the opportunity to complete discovery. Defendant Muehlberg, therefore, incorporates all such affirmative defenses as fully set therein.

WHEREFORE, Defendant Muehlberg requests that the Court enter Judgment dismissing Plaintiff's claims with prejudice, on the merits, and awarding to Defendant his attorney's fees, costs and disbursements, and other relief as it just and equitable.

Dated this 23rd day of June, 2004.

*Elizabeth A. Storaasli*
Elizabeth A. Storaasli, Atty No. 106070
Attorney for Petitioner
AGNEW DRYER STORAASLI
KNUTSON & POMMERVILLE, LTD.
200 Sellwood Building
202 West Superior Street
Duluth, MN 55802
(218) 727-8451

C:\ATTORNEYS\EAS\Muelhberg\Pleadings\Defendant's Answer.wpd

7

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

T.J.

                Plaintiff,

vs.

Mesabi Academy of KidsPeace, Inc.,
KidsPeace Corporation, and Michael Muehlberg,

                Defendants.

Court File No. 04CV 2847 ADM/RLE

**AFFIDAVIT OF SERVICE BY MAIL**

---

STATE OF MINNESOTA   )
                                   ) ss
COUNTY OF ST. LOUIS  )

      The undersigned, being duly sworn, says that on the 23rd day of June, 2004, she served the following document: **Answer of Defendant Michael Muehlberg** on the following parties:

Mr. Daniel Wachtler
Lee M. Friedman
Attorney at Law
Briggs and Morgan
2200 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101

Edward J. Matonich
Julie A. Matonich
Matonich & Persson
2031 Second Avenue East
P.O. Box 127
Hibbing, MN 55746

by placing a true and correct copy thereof in an envelope addressed as above, the last known addresses of the parties, with postage prepaid, and depositing same in the U.S. Mail at Duluth, Minnesota.

                                                                                     _/s/ Sally B. Rogers_
                                                                                      Sally B. Rogers

Subscribed and sworn to before me
the 23rd day of June, 2004.

_/s/ Mary Anne McClough_
Notary Public



June 23, 2004



*200 Sellwood Bldg.*
*202 West Superior Street*
*Duluth, Minnesota 55802-1960*
*Website: www.lawduluth.com*
*Telephone: 218/727-8451*
*Fax: 218/727-6081*

US District Court
Federal Building   Room 417
515 West Fifth Street
Duluth, MN 55802-1397

RE:   TJ, Plaintiff vs. Mesabi Academy of KidsPeace, Inc.,
      KidsPeace Corporation, and Michael Muehlberg
      Court File No.: 04CV2847ADM/RLE

Dear Administrator:

Enclosed for filing is the <u>Answer of Defendant Michael Muehlberg</u>. The Affidavit of Service of the Answer upon the attorneys for Plaintiff and Defendants Mesabi Academy of Kids Peace, Inc., and KidsPeace Corporation is attached.

Thank you for your assistance.

Yours very truly,

AGNEW DRYER STORAASLI
KNUTSON & POMMERVILLE, LTD.

Elizabeth A. Storaasli
**eastoraasli@lawduluth.com**

EAS/sbr

Enclosure

*Jerome P. Agnew • R. Craft Dryer • Elizabeth A. Storaasli*
*Mark L. Knutson\* • Gerald A. Pommerville*
*\* Also Licensed in Wisconsin*