## UNITED STATES DISTRICT COURT
### District of Minnesota

_____

T.J.,

                   Plaintiff,             Civil File No. 04cv2847 ADM/RLE
                                             Judge:  Ann D. Montgomery

vs.

Mesabi Academy of KidsPeace, Inc.,       **DEFENDANTS MESABI**
KidsPeace Corporation, and         **ACADEMY'S AND KIDSPEACE**
Michael Muehlberg,            **CORPORATION'S REPLY MEMORANDUM**
                                **IN SUPPORT OF THEIR MOTION**
                Defendants.     **FOR SUMMARY JUDGMENT**
                              **(Oral Argument Requested)**

_____

## I.

In trying to establish the existence of a material fact dispute where none exists, T.J.'s opposition memorandum contains several assertions of fact that are not supported by the record.  Defendants urge the Court to reject any unsubstantiated assertions of fact. For example:

- Contrary to the assertion on pages 3 and 13, the PCM manual does not state that "PCM is not an appropriate system for use with violent offenders."

- Contrary to the assertion on page 9, there is no evidence that "Jacobson was aware Muehlberg had a prior history of sexually harassing women at Mesabi Academy."

- Page 12 grossly misstates Diane Marciano's deposition testimony related to Carl Sanitti.

- Contrary to the assertion on pages 29-30, there is no evidence that Mesabi Academy "created an atmosphere in which inmates were encouraged to harass

female staff."  There is instead significant evidence to the contrary.  (See Muehlberg 17:16-25; Bothma 19:20-23, 21:11-17.)

## II.

The authority cited on pages 38-42 of T.J.'s memorandum, regarding her negligence claim, is misleading and unpersuasive.  The memorandum cites 30 A.L.R. 4th and cases interpreting Arkansas' and Colorado's worker's compensation statutes for the proposition that "there is a strong nation-wide precedent" against extending an exclusive remedy defense to parent corporations.  This argument ignores the fact that cases in many jurisdictions have held that both the parent and subsidiary are protected by statutory exclusive remedy provisions.  See, e.g., Stigall v. Wickes Mach., 801 S.W.2d 507, (Tenn. 1990); Braud v. Dixie Mach. Welding & Metal Works, 423 So.2d 1243, 1245 (La. Ct. App. 1982).  More importantly, the Konken and Ytuarte cases support a conclusion that T.J.'s negligence claim **under Minnesota law** is barred as against KidsPeace the parent corporation.

## III.

Regarding T.J.'s claim of a hostile work environment caused by youth, the Turnbull case cited by T.J. and all the cases cited by KidsPeace and Mesabi Academy are in agreement that the question to be asked in the correctional setting is whether the employer took reasonable measures to minimize harassment and protect employee safety. Pages 27-31 of KidsPeace's and Mesabi Academy's primary memorandum discuss the extensive – and more than reasonable – actions taken to minimize harassment by youth and protect employees.  Even T.J.'s expert (whose testimony is not evidence) did not

conclude that Mesabi Academy failed to take the required reasonable actions. Furthermore, KidsPeace's and Mesabi Academy's corrections expert concluded that "Defendants did not deviate from their responsibilities in conjunction with their employment of TJ [and] were not negligent in their operation of Mesabi Academy . . .." (Ex. A to Second Affidavit of Lee M. Friedman.)

## IV.

T.J.'s memorandum asserts that she was retaliated against when her GAP was extended.  T.J. cannot establish a prima facie case of retaliation based on the extension of her GAP, because there is no evidence of any causal connection between the GAP extension in mid-October 2002 and any protected activity in which T.J. engaged before that time.  See Hesse v. Avis Rent a Car Sys., Inc., 394 F.3d 624, 632 (8th Cir. 2005).  Moreover, Mesabi Academy had a legitimate non-retaliatory reason for the extension, which was T.J.'s performance problems during her first six months of employment. (Jacobson 40:13-18 in Arndt Affidavit Ex. K.)  The absence of any retaliatory motive is further evidenced by the fact that T.J. was allowed to complete her GAP in January 2003. (T.J. 162:23 – 163:3 in Arndt Affidavit Ex. L.)

Dated:_____     **BRIGGS AND MORGAN, P.A.**


By:__s/Lee M. Friedman_____
     Daniel R. Wachtler (#113360)
     Lee M. Friedman (#276686)
2200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
(612) 977-8400

Attorneys for KidsPeace Corporation and
KidsPeace Mesabi Academy, Inc.