# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

T.J.,

                    Plaintiff,

          v.

KidsPeace Mesabi Academy, Inc.,
KidsPeace Corporation, and
Michael Muehlberg,

                    Defendants.

**MEMORANDUM OPINION
AND ORDER**

Civil No. 04-2847 ADM/RLE

_____

Julie A. Matonich, Esq. and David A. Arndt, Esq., Matonich & Persson, Hibbing, MN, on behalf of Plaintiff.

Daniel R. Wachtler, Esq. and Lee M. Friedman, Esq., Briggs and Morgan, P.A., Minneapolis, MN, on behalf of Defendants KidsPeace Mesabi Academy, Inc. and KidsPeace Corporation.

Elizabeth Storaasli, Esq. and Mark L. Knutson, Esq., Agnew Dryer Storaasli Knutson & Pommerville, Ltd., Duluth, MN, on behalf of Defendant Michael Muehlberg.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendants KidsPeace Mesabi Academy, Inc.'s ("Mesabi") and KidsPeace Corporation's ("KidsPeace")  Objections [Docket No. 74] to Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") [Docket No. 68] of January 13, 2006.  The Magistrate Judge's R&R recommends that Mesabi and KidsPeace's Motion for Summary Judgment [Docket No. 38] be granted in part, and that Defendant Michael Muehlberg's ("Muehlberg") Motion for Summary Judgment [Docket No. 44] be granted.  Neither Plaintiff nor Defendant Muehlberg have filed Objections to the R&R.  For the reasons set forth below, the Objections are denied and the R&R is adopted.

CASE 0:04-cv-02847-ADM-RLE   Document 79   Filed 03/16/06   Page 2 of 10

# II. DISCUSSION

## A.      Standard of Review

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

## B.      Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## C.      Mesabi and KidsPeace's Objections to the Factual Background

Mesabi and KidsPeace's first three objections relate to the R&R's recitation of the factual background of the case.  As a threshold matter, it should be noted that the R&R did not make

findings of fact that are binding at trial, but rather viewed the facts in the light most favorable to the nonmoving party as required in the summary judgment context. Here, the objections made are inconsequential to the rulings of the R&R. Moreover, each of the R&R's findings on the undisputed material facts are supported by evidence in the record, as cited by the R&R. On that basis, these objections are denied. Each fact must be proven at trial and no party may rely on the R&R as establishing any fact.

**D.      Mesabi and KidsPeace's Objections to Legal Rulings**

First, Mesabi and KidsPeace object to the R&R's conclusion that genuine issues of material fact exist to preclude summary judgment with respect to whether the harassment by the youth was so severe or pervasive as to alter the terms and conditions of Plaintiff's employment. R&R at 22. Mesabi and KidsPeace argue there is no evidence to support this conclusion. Plaintiff has, however, alleged specific material facts, including security policies, staffing levels, training policies, and radio communications, which create an issue of fact with regard to the severity of the behavior of the youth and whether it altered the conditions of Plaintiff's employment. See T.J. Aff. (Arndt Aff. [Docket No. 57] Ex. M). Very similar considerations led to a reversal of a grant of summary judgment in Turnbull v. Topeka State Hosp.. 255 F.3d 1238, 1239-45 (10th Cir. 2001). The conclusion that fact issues remain is supported by the record.

Mesabi and KidsPeace next object to the R&R's conclusion that genuine issues of material fact exist to preclude summary judgment with respect to whether Mesabi and KidsPeace took appropriate remedial measures to respond to harassing conduct by the youth. R&R at 25-26. Mesabi and KidsPeace argue that they have provided sufficient evidence demonstrating that they took appropriate remedial measures to warrant granting summary judgment. Plaintiff has

alleged specific material facts, including the failure to respond to complaints, the failure to

follow safety policies, the failure to support Plaintiff's discipline of youth, inadequate staffing,

and faulty equipment, which create a material fact dispute sufficient to survive summary

judgment.  See T.J. Aff.  These disputed facts are the types of remedial measures identified by

the Minnesota courts as factors for determining whether adequate remedial measures were

employed, and therefore, should be submitted to a jury for consideration.  McNabb v. Cub

Foods, 352 N.W.2d 378, 384 (Minn. 1984).  Additionally, as the R&R correctly notes, to find for

Mesabi and KidsPeace on this issue would require the Court to assess and discredit the

Plaintiff's credibility, a task inappropriate at this procedural juncture.  Consequently, this

objection must be denied and the R&R adopted.

Mesabi and KidsPeace object to the R&R's conclusion that genuine issues of material

fact exist to preclude summary judgment with respect to whether the harassment by the staff was

so severe or pervasive as to alter the terms and conditions of Plaintiff's employment.  R&R at 27.

Mesabi and KidsPeace present two arguments with respect to this objection.  First, Mesabi and

KidsPeace argue that many of Plaintiff's allegations of harassment, including references to a

"pool party," comments of "you look really good today," and grabbing Plaintiff and swinging

her around, are non-sexual in nature.  Objections Memo. [Docket No. 75] at 8-9.  Second,

Mesabi and KidsPeace argue that the cumulative effect of the sexual harassment by the staff does

not, as a matter of law, rise to the level of sexual harassment necessary to maintain Plaintiff's

claim.  Whether these behaviors and comments are sexual harassment or non-sexual harassment

is a genuine issue of material fact reserved for decision by a jury.  Howard v. Burns Bros., Inc.,

149 F.3d 835, 840 (8th Cir. 1998) (if evidence of improper conduct is found, the determination

of whether it constitutes abuse is a matter for the jury).  Moreover, the R&R correctly concluded

that the evidence of sexual harassment offered by Plaintiff is sufficient to withstand summary

judgment.  Consequently, the Court adopts the R&R with respect to this issue, and denies

Mesabi and KidsPeace's objection.

The next objection by Mesabi and KidsPeace relates to the Plaintiff's claim of retaliation

based on delay in her pay raise.  R&R at 28-31.  The R&R correctly employed the McDonnell

Douglas framework in reviewing the retaliation claim.  Hesse v. Avis Rent a Car Sys., Inc., 394

F.3d 624, 631 (8th Cir. 2005).  Mesabi and KidsPeace, however, object on two grounds to the

R&R's application of the test.  First, Mesabi and KidsPeace argue that Plaintiff has not offered

evidence of a causal connection between protected activity and an adverse employment action.

Second, Mesabi and KidsPeace argue that, even if Plaintiff can show the aforementioned causal

connection, Mesabi and KidsPeace can show a non-pretextual alternate reason for the adverse

employment action.  Plaintiff has produced specific material facts, including complaints prior to

her performance review, the poor performance review, and a delay in pay raise, disputed by

Mesabi and KidsPeace, that support her claim of a causal connection between protected activity

and an adverse employment action.  R&R at 9; see also T.J. Dep. (Arndt Aff. Ex. L) at 173-75;

Turner v. Gonzalez, 421 F.3d 688, 696 (8th Cir. 2005) (holding that a performance review that

results in ineligibility for an automatic step salary increase may be an adverse performance

review).  Although Mesabi and KidsPeace have produced specific material facts, including

Plaintiff's performance problems during her first six months, which support their claim of a non-

pretextual alternate reason for the adverse employment action, summary judgment is

inappropriate because genuine issues of material fact exist with respect to all elements of this

claim.  As a result, the Court adopts the R&R with respect to this issue, and denies Mesabi and KidsPeace's objection.

Mesabi and KidsPeace also object to the R&R's conclusion that summary judgment be denied with respect to Plaintiff's claim of retaliation based on her change in work shift.  R&R at 32-33.  Mesabi and KidsPeace cite Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 769 (5th Cir. 2001) for the proposition that "a change in shifts is not an adverse employment action." Objections Memo. at 10.  The actual language from Hunt reads as follows: "[The Fifth Circuit] court has held that a shift change, without more, is not an adverse employment action."  Hunt, 277 F.3d at 769 (emphasis added).  See also Benningfield v. City of Houston, 157 F.3d 369, 377 (5th Cir. 1998) ("Merely changing [Plaintiff's] hours, without more, does not constitute an adverse employment action").  In the present case, Plaintiff has alleged other surrounding facts, including Jacobson's smirking behavior and comments that the shift change was attributable to her gender, disputed by Mesabi and KidsPeace, that satisfy the "something more" exception to the language in Hunt.  R&R at 31-32, citing T.J. Dep. at 173-75.  Mesabi and KidsPeace also allege that, even if the shift change can support a retaliation claim, Plaintiff has failed to demonstrate a causal connection between the shift change and protected activity.  Mesabi and KidsPeace argue that Plaintiff answered "no" to a deposition question asking her if she had any facts on which to base her claim that her shift was changed as a result of her complaints about the working conditions.  Objections Memo. at 11, citing T.J. Dep. at 321.  However, when read in context, the deposition indicates that T.J. did have reason to believe that her shift was changed as a result of her complaints.  T.J. Dep. at 321.  Additionally, Plaintiff has alleged specific material facts, including complaints about sexual harassment, a subsequent shift change, and

comments that the shift change was due to her gender, that support her claim of a causal

connection between protected activity and the shift change. See T.J. Aff. ¶¶ 8, 13; see also T.J.

Dep. at 173-75. The R&R correctly concluded that the shift change, coupled with evidence that

it may have been related to Plaintiff's gender, is sufficient to survive summary judgment. R&R

at 32. Therefore, the Court adopts the R&R with respect to its analysis of Plaintiff's retaliation

claim.

Mesabi and KidsPeace object to the R&R's conclusion that the Minnesota Worker's

Compensation Act ("MWCA") does not provide the exclusive remedy for Plaintiff's negligence

claim against KidsPeace as the parent company of Mesabi. R&R at 33-38. Mesabi and

KidsPeace rely on Konken v. Oakland Farmers' Elevator Co. to support that the exclusive

remedy provisions of the MWCA bar common law negligence claims against the employer and

against the employer's parent company. 425 N.W.2d 302, 303 (Minn. Ct. App. 1988);

Objections Memo. at 12. What Konken actually states is: "[a]lthough the [MWCA] generally

bars employees from bringing common law actions against their employers, it allows common

law actions against third-party tortfeasors." Id. at 304. Moreover, Konken involved claims of

intentional acts and acts of negligence by a former employer, not the issue of parent company

liability for negligence committed against an employee of its subsidiary company, which is the

subject of the present case. Finally, Minnesota courts have not yet directly ruled on this issue,

but Judge Erickson concluded that if faced with the issue, the Minnesota Supreme Court would

follow the national trend recognizing that a subsidiary's immunity from negligence suits filed on

behalf of its injured employees does not extend to the parent company. R&R at 36.

The R&R's well-reasoned explication of Minnesota law, along with the law of the Eighth

Circuit and national trends in workers' compensation law, correctly concludes that the MWCA's exclusive remedy provision does not apply to KidsPeace for purposes of their motion for summary judgment.  At a minimum, genuine issues of material fact exist as to whether KidsPeace was Plaintiff's employer.  Moreover, Plaintiff's claim for negligence against KidsPeace is not based on KidsPeace's status as Mesabi's parent company, but rather on Plaintiff's allegation that KidsPeace negligently provided corporate services to Mesabi.  R&R at 39.  Consequently, the Court adopts the R&R with respect to this issue, and denies Mesabi and KidsPeace's objection.

Finally, Mesabi and KidsPeace object to the R&R's conclusion that summary judgment be denied with respect to Plaintiff's claim of negligence against KidsPeace.  R&R at 35-40. Mesabi and KidsPeace argue that Plaintiff has failed to produce evidence to establish a prima facie case of negligence by KidsPeace.  Objections Memo. at 12-14.  This particular argument appears to be raised for the first time in Mesabi and KidsPeace's Objections to the R&R.  Since this particular attack on Plaintiff's case did not appear in Mesabi and KidsPeace's Memorandum in Support of Motion for Summary Judgment [Docket No. 40], was not responded to by Plaintiff, and was not argued before, nor considered by the Magistrate Judge, it is procedurally improper for Mesabi and KidsPeace to raise it as an objection to the R&R.  "The purpose of referring cases to a magistrate for recommended disposition [is] contravened if parties [are] allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court."  Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000).  Since Mesabi and KidsPeace did not present an argument based on the purported failure to establish a prima facie case with regard to Plaintiff's claim of negligence by KidsPeace to the Magistrate Judge as part of their

motion for summary judgment, Mesabi and KidsPeace's objection is denied.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Raymond L. Erickson's R&R [Docket No. 68] is **ADOPTED**;

2. Defendants KidsPeace Mesabi Academy, Inc. and KidsPeace Corporation's Objections to R&R [Docket No. 74] are **DENIED**;

3. Defendants KidsPeace Mesabi Academy, Inc. and KidsPeace Corporation's Motion for Summary Judgment [Docket No. 38] is **GRANTED IN PART AND DENIED IN PART**; and

4. Defendant Michael Muehlberg's Motion for Summary Judgment [Docket No. 44] is **GRANTED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 16, 2006.